UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,
Plaintiff,

vs. Case No.: 1:22cv00128/AW/ZCB

CLOVIS WATSON, JR,
Defendant.
______________________________/

**REPORT AND RECOMMENDATION**

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Notice of Awareness And Motion Requesting Order to Compel And Injunction Order Regarding Mail And Pro-Se Supplies." (Doc. 29). The Court construes Plaintiff's motion as one for a preliminary injunction. For the reasons below, Plaintiff's motion should be denied.

**I. Background**

Plaintiff is an inmate at the Alachua County Jail. (Doc. 22 at 2). His second amended complaint names Sheriff Clovis Watson, Officer Edgar Jones III, and Officer Johnny Sheffield as defendants. (*Id.* at 2-3). Plaintiff alleges that the defendants have tampered with his legal mail and denied him access to the courts. (*Id.* at 5-6). In the current motion for an "immediate injunction order," Plaintiff

asks the Court to order the return of his legal mail and the ceasing of tampering with such mail. (Doc. 29 at 2-3). Plaintiff further requests an order requiring that he be provided with envelopes, legal pads, sticky notes, and pens. (*Id.*).

## II. Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). The chief purpose of a preliminary injunction is to preserve the status quo between the parties until the court can decide the merits of the case. *Ne. Florida Chapter of Ass'n of Gen. Contractors v. Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). The party who seeks a preliminary injunction "bears the burden of establishing its entitlement to relief." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 788 F.3d 1318, 1322 (11th Cir. 2015). That burden is a heavy one because a "preliminary injunction is an extraordinary and drastic remedy" that should not be granted unless the movant "clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir.

1989).

Here, Plaintiff has failed to meet his heavy burden of showing entitlement to the extraordinary remedy of a preliminary injunction. Indeed, Plaintiff's motion fails to address any of the requirements for a preliminary injunction. *See Wall v. Ferrero*, 142 F. App'x 405, 407 (11th Cir. 2005) (affirming denial of preliminary injunction where the movant "does not apply the four-factor test nor does she suggest how she satisfied each factor"). The Court would also note that some of the individuals (i.e., Lt. Calhoun and Sgt. Rutledge) that Plaintiff complains of in his motion are not named as Defendants in Plaintiff's second amended complaint (Doc. 22 at 2-3). The Court, therefore, lacks the ability to enjoin them. *See Jordan v. Sexton*, No. 3:22cv5101, 2022 WL 2181087, at *1 (N.D. Fla. May 17, 2022) ("[T]he persons from whom the injunctive relief is sought [must] be parties to the underlying action."); *see also Gaffney v. Ficarrotta*, 8:21-cv-21, 2022 WL 3333930, at *1 (M.D. Fla. July 15, 2022) (stating "the Court may not enter injunctive relief against a non-party"). To the extent Plaintiff wishes to add new claims to this litigation, the proper mechanism for doing so would be the filing of an amended complaint.

## III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Notice of Awareness And Motion Requesting Order to Compel And Injunction

Order Regarding Mail And Pro-Se Supplies" (Doc. 29), which the Court construes a motion for preliminary injunction, be **DENIED**.

At Pensacola, Florida this 8th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**