UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,
    Plaintiff,

vs.                                        Case No.:  1:22cv128/AW/ZCB

CLOVIS WATSON JR, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Although Plaintiff initially filed two separate cases, they were later consolidated because they share common questions of law and fact. (Doc. 64). Prior to consolidation, Plaintiff had filed a Fourth Amended Complaint in one case (Doc. 63) and a Second Amended Complaint in the other (Doc. 65). The complaints, read together, now form the operative pleading in this case.

Because Plaintiff filed this action as an *in forma pauperis* prisoner, the Court is required to screen the complaint and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. *See* 28 U.S.C. §§ 1915(e)(2), 1915A (setting forth the screening responsibility); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). The Court has undertaken its screening obligation and determined that

1

Plaintiff's claims against Defendants Rodgers and Broling should be dismissed, as should Plaintiff's due process claims against all Defendants.[1]

## I. Background

In this consolidated action, Plaintiff names the following individuals as Defendants: (1) Alachua County Sheriff Clovis Watson Jr.;[2] (2) Edgar Jones, III; (3) Attorney John Lyon Broling; and (4) Assistant State Attorney Brian C. Rodgers. (Doc. 63 at 1-3; Doc. 65 at 2-3). Plaintiff has sued Defendant Sheriff Watson in his official capacity, and Defendants Jones, Broling, and Rodgers in their individual capacities. (*Id.*).

---

[1] Plaintiff has been provided with multiple prior opportunities to amend. (*See, e.g.*, Docs. 49, 62). Yet, deficiencies remain. Dismissal is, therefore, warranted. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (explaining that "pro se litigant[s] generally must be given at least one opportunity to amend" a complaint).

[2] In the caption of the Fourth Amended Complaint, Plaintiff has named the "Alachua County Sheriff's Office" as a Defendant. (Doc. 63 at 1). On page two, Plaintiff has identified one of the Defendants as "Alachua County Sheriff's Office Clovis Watson, Jr.—Sheriff." (*Id*. at 2). The Sheriff's Office itself is not a legal entity that is subject to suit under section 1983. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."). Plaintiff, therefore, cannot state a valid claim for relief against the "Alachua County Sheriff's Office." *See id.* Because Plaintiff listed Sheriff Watson's name along with the Alachua County Sheriff's Office, the Court will treat the Fourth Amended Complaint as alleging claims against Sheriff Watson as opposed to solely against the Sheriff's Office.

Plaintiff alleges Defendant Watson "directed and instructed" his staff to withhold, open, keep, read, discard, and delay Plaintiff's legal mail. (Doc. 63 at 5). Similarly, Plaintiff claims Defendant Jones "stole, removed, copied, [and] photographed" Plaintiff's legal mail. (Doc. 65 at 5). Plaintiff further alleges Defendant Watson "deliberately locked [Plaintiff] in solitary confinement" with "no access to law library and courts." (Doc. 63 at 5). Plaintiff alleges that this denial of access to the courts hindered his ability to litigate claims he had filed. (Doc. 65 at 8). And Plaintiff alleges Defendants Broling and Rodgers conspired to "falsify information to the courts." (*Id.* at 6). Plaintiff seeks $12.5 million in damages. (Doc. 63 at 7; Doc. 65 at 11).

## II.   Screening Standard

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

**A. Defendant Broling is not subject to suit under 42 U.S.C. § 1983.**

One of the named Defendants in this § 1983 action is John Lyon Broling, an attorney with the Office of Regional Conflict Counsel.[3] From the allegations and the transcript attached to the complaint, it appears that Defendant Broling represented Plaintiff in a state court criminal proceeding. Plaintiff's claims against

---

[3] The Office of Regional Conflict Counsel was created by the state legislature "to represent indigent people accused of crimes that the Public Defenders were unable to represent due to a conflict of interest." *See* https://rc1fl.com/ (last visited Sept. 15, 2023).

Defendant Broling are subject to dismissal because he was not acting under color of state law for purposes of § 1983.

Section 1983 provides a remedy when a person acting under color of state law deprives the plaintiff of a right, privilege, or immunity secured by the U.S. Constitution or federal law. 42 U.S.C. § 1983. A plaintiff cannot recover under § 1983 against a defendant who was not acting under color of state law. *Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013). "[T]he Supreme Court has held that public defenders do not act under color of state law when 'performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding' and thus, they are not liable under 42 U.S.C. § 1983." *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). The same principle applies to attorneys who work for the Office of Regional Conflict Counsel. *See Dwyer v. Office of Criminal Conflict Counsel*, No. 3:11cv337/MCR/CJK, 2012 WL 4758137, at *4 (N.D. Fla. Aug. 30, 2012), *adopted by*, 2012 WL 4758045, at *1 (dismissing section 1983 claims against attorneys from the Office of Conflict Counsel because they were "the functional and legal equivalency of the state public defender" and, therefore, "did not act under color of law"); *see also Wexler v. Torres*, No. 6:22cv1627, 2022 WL 16837229, at * 4 (M.D. Fla. Oct. 18, 2022), *adopted by*, 2022 WL 16836723, at *1 (dismissing section 1983 claims against a regional conflict attorney because the attorney was not acting under

color of law). In some instances, "an attorney may be sued under section 1983 if he conspired with someone who did act under color of state law," but this exception only applies if the plaintiff pleads "more than a general conclusory allegation of a conspiracy." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

Here, Plaintiff has sued Defendant Broling—an attorney with the Office of Conflict Counsel—for actions he allegedly took in connection with his representation of Plaintiff in a state court judicial proceeding. Because Defendant Broling was not acting under color of state law, he is not subject to suit under section 1983. Although Plaintiff has alleged that Defendant Broling and Defendant Rodgers (an Assistant State Attorney) were in a "conspiracy together" (Doc. 65 at 6), Plaintiff has "provided nothing more than a general conclusory allegation of conspiracy which will not support such a claim." *Grider*, 522 F. App'x at 547 (cleaned up) (affirming dismissal of a section 1983 claim against a public defender and finding allegations that the public defender conspired with the county sheriff to be general and conclusory); *Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (same). Accordingly, Plaintiff's claims against Defendant Broling should be dismissed because he was not acting color of state law for purposes of section 1983.

### B. Defendant Rodgers is entitled to absolute prosecutorial immunity.

One of the other Defendants in this case is Assistant State Attorney Brian Rodgers, who was prosecuting Plaintiff in a state court judicial proceeding. "In §

1983 actions, prosecutors have absolute immunity for all activities that are intimately associated with the judicial phase of the criminal process." *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010) (cleaned up). Absolute immunity extends to a prosecutor's "conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence" in court proceedings. *Id*. at 838. And absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id*. (cleaned up). Immunity applies even if a prosecutor "knowingly proffered perjured testimony and fabricated exhibits at trial." *Rowe v. Ft. Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002).

The allegations against Defendant Rodgers in this case involve his conduct as the prosecutor in a state court judicial proceeding involving Plaintiff. Plaintiff attaches a transcript of a state court hearing, and he alleges that Defendant Rodgers provided false information to the state judge in the hearing. (Doc. 63 at 5, 14-17). He further claims that Defendant Rodgers presented false information to the state judge in order to delay his case and impair civil cases brought by Plaintiff. (*Id*. at 6). Because the allegations involve actions Defendant Rodgers took while performing his function as an advocate for the government, absolute prosecutorial

immunity applies and requires dismissal of Plaintiff's claims against Defendant Rodgers.[4]

### C. Plaintiff has failed to plausibly allege a conspiracy claim against Defendants Broling and Rodgers.

Even if Defendants Broling and Rodgers were subject to suit in this case, Plaintiff has failed to plausibly allege a conspiracy claim against them. "A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 139 (11th Cir. 2011). Thus, "[v]ague and conclusory allegations suggesting a § 1983 conspiracy are insufficient." *Hansel v. All Gone Towing Co.*, 132 F. App'x. 308, 309 (11th Cir. 2005). Complaints that contain vague and conclusory conspiracy allegations should be dismissed. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a court may properly dismiss a conspiracy claim if it includes only conclusory allegations); *see also Fulwood v. Fed. Bureau of Prisons*, 568 F. App'x 753, 756-57 (11th Cir. 2014) (affirming dismissal of an inmate's "retaliation conspiracy" claim when the plaintiff did not allege specific facts substantiating the conspiracy and rather merely "aver[ed] that a conspiracy existed").

---

[4] It bears noting that Plaintiff has sued Defendant Rodgers in another case (1:22-cv-00002/AW/HTC). There is a recommendation of dismissal pending in that case based on absolute prosecutorial immunity. (Doc. 105, 1:22-cv-00002/AW/HTC).

8

Here, Plaintiff's allegations that Defendant Broling (his criminal defense attorney) and Rodgers (the state court prosecutor) engaged in a conspiracy to violate Plaintiff's civil rights are vague, conclusory, and lacking the required particularity. The complaint lacks sufficient facts to allege with particularity that Defendants Broling and Rodgers entered into an agreement to violate Plaintiff's civil rights. Indeed, the conspiracy allegations in this case resemble the fantastical government conspiracy allegations that courts routinely dismiss. *See, e.g.*, *Watson v. Broward Cnty. Sheriff's Office*, 808 F. App'x 891, 894 (11th Cir. 2020) (affirming dismissal of "conclusory" allegations regarding "fanciful" and "fantastic" claims that "judges, state attorneys, public defenders, and law enforcement" were engaged in a conspiracy to "arrest and prosecute [the plaintiff] based on fabricated charges"). Thus, Plaintiff's conspiracy claim is subject to dismissal—again, assuming that Defendant Broling acted under color of state law and that Defendant Rodgers is not absolutely immune.

### D. Plaintiff fails to plausibly allege an access to courts claim against Defendant Watson.

Plaintiff has failed to plausibly allege an access to courts claim against Defendant Watson. (*See* Doc. 63 at 5). Prisoners have a constitutional right of access to the courts. *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000). But "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Id.* Rather, an "inmate must show that this inability

caused an actual harm." *Id*. To make that showing, an inmate needs to demonstrate that his "efforts to pursue a nonfrivolous claim were frustrated or impeded" by the alleged denial of access. *Cranford v. Nevada Dep't of Corr.*, 398 F. App'x 540, 546-57 (11th Cir. 2010) (internal quotations omitted). Put another way, the "actual-injury element" of an access to courts claim "requires that the plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id*. at 547. And the inmate "must show that his underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action." *Id*.

Here, Plaintiff has failed to satisfy the standard set forth above. Plaintiff states that he lacked access to courts or the law library while he was in solitary confinement. But he has provided insufficient details as to the time, dates, or nature of his alleged denial of access to the law library and the courts. (*Id.*). And Plaintiff has not sufficiently identified any non-frivolous claim that he would have been able to pursue had it not been for the alleged actions of Defendant Watson. Instead, he has made broad and conclusory allegations that are insufficient to plausibly allege that his ability to pursue a non-frivolous claim was impeded. (*See* Doc. 63 at 5). Thus, Plaintiff has failed to state an access to courts claim.

10

### E. Plaintiff has not plausibly alleged a due process claim.

Plaintiff also claims Defendants Jones and Watson violated his due process rights by allegedly stealing and otherwise interfering with his legal mail. (Doc. 24 at 8). The Fourteenth Amendment's Due Process Clause has two components—a procedural one and a substantive one. It is unclear whether Plaintiff is bringing a procedural due process or substantive due process claim. So, the Court will discuss both.

Looking first to procedural due process, "an unauthorized[,] intentional deprivation of property . . . does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Under Florida law, a person may file a tort action in state court against a government official to recover damages for the loss of property. *See* Fla. Stat. § 768.28 (2023). Section 768.28 provides Plaintiff with a meaningful, post deprivation remedy under state law to challenge the alleged loss of property—i.e., his legal mail. Thus, Plaintiff cannot prevail on a procedural due process clause claim on that basis. *See Loor v. Bailey*, 708 F. App'x 992, 995 (11th Cir. 2017) (rejecting the prisoner's procedural due process claim because "[t]he existence of § 768.28 provides [the plaintiff] with a meaningful, post-deprivation remedy to challenge the loss of" books that had been mailed to him); *see also Banks v. McNeil*,

11

No. 3:09-CV-1172-J-12JRK, 2009 WL 4723224, at *1 (M.D. Fla. Dec. 9, 2009) (rejecting an inmate's due process claim involving the seizure of property because "the State of Florida has provided an adequate post-deprivation remedy for the seizure of [the p]laintiff's property, and therefore, there is no constitutional violation").

Turning to substantive due process, the federal courts "have always been reluctant to expand the concept of substantive due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (cleaned up). That reluctance has led the Supreme Court to hold that if a constitutional claim is covered by a specific constitutional provision, then that provision, and "not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* (cleaned up). Thus, a substantive due process claim is "inappropriate" if the plaintiff's claims are covered by another constitutional amendment. *Id.* at 843.

Here, Plaintiff's allegations regarding interference with his legal mail are covered by the First Amendment. *See Mitchell v. Peoples*, 10 F. 4th 1226, 1230-31 (11th Cir. 2021) (explaining that the First Amendment governs a prisoner's claim that prison officials interfered with his legal mail). Therefore, any substantive due process claim regarding interference with Plaintiff's legal mail should be dismissed because such a claim would be more appropriately analyzed under the First

Amendment.[5] *See Lewis*, 523 U.S. at 843 (explaining that "if a constitutional claim is covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process") (cleaned up).

### IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's claims against Defendants Broling and Rodgers be **DISMISSED** without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's access to courts claim against Defendant Watson should be **DISMISSED** without prejudice for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii);

---

[5] Plaintiff has claimed that Defendants Watson and Jones interfered with his legal mail by reading, keeping, discarding, photographing, and copying it. (Doc. 65 at 5; Doc. 63 at 5). These allegations, when liberally construed as required for *pro se* complaints, are sufficient to plausibly allege a First Amendment claim that survives screening under Eleventh Circuit precedent. *See Christmas v. Nabors*, 76 F.4th 1320, 1328-30 (11th Cir. 2023) (reversing the district court's dismissal of an inmate's claim that jail officials had scanned and stored his legal mail); *see also Mitchell*, 10 F.4th at 1232 (holding that an inmate stated a plausible First Amendment claim based on allegations that jail officials opened and discarded his legal mail outside of his presence). Thus, the Court will separately order service of the legal mail claims against Defendants Watson and Jones if this report and recommendation is adopted.

3. Plaintiff's due process claims against Defendants Watson and Jones be **DISMISSED** without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii); and

4. This matter be referred back to the undersigned for further proceedings regarding Plaintiff's claims that Defendants Watson and Jones interfered with his legal mail.

At Pensacola, Florida, this 25th day of September 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**